IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SCOTTSDALE INDEMNITY COMPANY, | |
| Plaintiff, | Civil No. 16-8239 (RBK/KMW) |
| v. | **OPINION** |
| Jamie COLLAZOS, EC CRANES, and Ronald TORRES, | |
| Defendants. | |

**KUGLER**, United States District Judge:

This matter comes before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. No. 9), Plaintiff's Response (Doc. No. 15), Defendants' Reply (Doc. No. 16) and the Parties' sur-replies (Doc. Nos. 17, 20) thereto.

This case concerns the application of *Brillhart* abstention, which places in this Court's discretion the authority to abstain from the exercise of its jurisdiction when, as alleged here, there is a pending, parallel proceeding in state court. *See Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494–95 (1942). Because the state court proceedings are not parallel, however, this Court declines to abstain from exercising its jurisdiction. Defendants' motion is **DENIED**.

I.   **BACKROUND**

On April 8, 2014, a crane carrying a 5,000-lb load of steel plates collapsed and caused "severe, permanent and catastrophic lower torso and pelvic crush injuries" to Ronald Torres, who soon after filed suit against EC Cranes, Inc., and others on March 29, 2016, in the Superior Court

1

of New Jersey, Law Division, Camden County. The *Torres* action deals with a question of potentially huge importance to Mr. Torres but of comparatively less importance for purposes of this decision: Is Jamie Collazos, doing business as EC Cranes, responsible for failing to inspect, service, or maintain the crane that injured Mr. Torres?

Scottsdale Indemnity Company is, as befits its name, an insurance company. Scottsdale was insuring EC Cranes at the time of Mr. Torres's accident, and was sued in the *Torres* action. Shortly after the injury, Scottsdale sent Mr. Collazos a letter stating its intent to defend against Mr. Torres's allegations. There was one caveat: Scottsdale reserved the right to deny defense if in the course of its investigation it learned Mr. Collazos had "materially misrepresented the business of EC Cranes" in his application for insurance. On November 11, 2016, Scottsdale made good on that caveat, and filed a complaint in this Court under its diversity jurisdiction seeking rescission of the contract and a declaratory judgment to that effect. This case thus presents a different merits question than that of the *Torres* action: Is the Scottsdale insurance policy void because of misrepresentations by Mr. Collazos, or otherwise defective?

That, then, is the status of proceedings between the parties—or was, as Scottsdale has since been dismissed without prejudice from the *Torres* suit and is no longer a party to the state proceedings. (*See* Doc. No. 17.) So the question we face today is of a different nature than the merits issues in the two proceedings: Should this Court abstain from exercising its jurisdiction over the declaratory judgment action when there is a related proceeding in New Jersey state court?

## II. DISCUSSION

We begin with the text of the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201, which provides that a court "*may* declare the rights and other legal relations of any interested party seeking such declaration." The DJA's "may" has been read as granting broad discretion to federal

courts. The statute has a "textual commitment to discretion" that inheres to a district court, and does not convey an "absolute right upon the litigant" to bring a declaratory judgment action in federal court. *Wilton v. Sevan Falls Co.*, 115 S.Ct. 2137, 2142-43 (1995). "If a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before staying or dismissing the action." *Id.*

"In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton*, 515 U.S. at 288. The Third Circuit has held that district courts must consider several factors, "to the extent they are relevant," when deciding whether to abstain:

(1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;
(2) the convenience of the parties;
(3) the public interest in settlement of the uncertainty of obligation;
(4) the availability and relative convenience of other remedies;
(5) a general policy of restraint when the same issues are pending in a state court;
(6) avoidance of duplicative litigation;
(7) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for res judicata; and
(8) (in the insurance context), an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion.

*Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 283 (3d Cir. 2017).

The discretion accorded by these factors is broad, but not unlimited. A district court generally cannot decline to exercise jurisdiction over a declaratory judgment action if there is another legal claim in the complaint. *See Rarick v. Federated Serv. Ins. Co.*, 852 F.3d 223, 227, 229 (3d Cir. 2017) ("When a complaint contains claims for both legal and declaratory relief, a district court must determine whether the legal claims are independent of the declaratory claims.").

But this action only has claims for a declaratory judgment, and nothing else—so this Court must determine whether to hear the case or abstain under *Brillhart*.

We thus evaluate whether it is appropriate to abstain here. As a rule, this circuit does not generally favor two-track litigation of insurance coverage disputes. "The desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum." *State Auto Ins. Companies v. Summy*, 234 F.3d 131, 136 (3d Cir. 2000), *as amended* (Jan. 30, 2001). However, the Third Circuit has recently cautioned against "the error propagating among some of the district courts in this Circuit" of too freely abstaining. *Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 283 (3d Cir. 2017). "Proceedings are not parallel merely because they have the potential to dispose of the same claims . . . there must be a substantial similarity in issues and parties between contemporaneously pending proceedings." *Id*. at 283-84. *Kelly* makes it clear that "potential" is not enough. There actually must be overlapping issues.

These proceedings are not parallel. These are different controversies; one is a personal injury suit and the other an insurance coverage dispute. The parties are not identical; Scottsdale is not a party to the *Torres* suit anymore (though it could "potentially" become a party again), while it remains a party to this suit. The issues and discovery will not overlap; the complaint in this case seeks rescission, an inquiry which does not require consideration of the accident, only what occurred at the time of contracting.[1] The requested remedies are not the same. The inconvenience to the parties is minimal, as is the public interest in the dispute. There is no risk of a race to res judicata. There is no risk of inconsistent judgments. All this suggests the Court could exercise its

---

[1] We note, however, that if Scottsdale later moves to amend its complaint to include arguments disputing that the policy's language does covers the accident, not just whether the policy is void, this would raise the specter of duplicative litigation.

jurisdiction over the case without vexing state court proceedings, and we note further that resolution of the declaratory judgment might clarify the relations between the parties, or, at a minimum, silo off the controversy between them in state court.

Finally, we also evaluate whether there is an inherent conflict of interest between Scottsdale's (disputed) duty to defend in state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion. 751 F.3d at 140. Though we acknowledge that there is some abstract risk that Scottsdale will not defend as diligently as they could given their contention they are not obliged to defend Mr. Collazos, we fail to see how that risk would be mitigated in state court any more than it would be here. Whether litigated here or there, someone is going to have to pay for the cost of litigation and liability, and someone does not want to. We are not persuaded it will make any material difference whether the case is litigated here or there with respect to the potential for conflicts.

*Kelly* squarely controls this case: this is not a parallel proceeding, not one "in which all the matters in controversy between the parties could be fully adjudicated." *Brillhart*, 316 U.S. at 495. It is not the sort of proceeding that sound discretion would decline to hear. *Cf. Wesco Ins. Co. v. Luretha M. Stribling, LLC*, 2015 WL 5316689 (D.N.J. 2015) (refusing to abstain from exercising jurisdiction over insurance declaratory judgment action when there was a pending state court legal malpractice action). The Court will not abstain.

### III. CONCLUSION

For the reasons expressed above, Defendants' motion is **DENIED**.

Dated: 10/20/2017                                                                 s/Robert B. Kugler
                                                                                  ROBERT B. KUGLER
                                                                                  United States District Judge